UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MAXI L.S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-04104-SLD |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is the parties' Joint Stipulation to Remand to the Commissioner, ECF No. 12. Plaintiff Maxi L.S. alleges that she "is disabled and entitled to . . . benefits" under the Social Security Act and that her application for those benefits was denied by an Administrative Law Judge ("ALJ") on November 1, 2023. Compl. ¶¶ 2, 6, ECF No. 1. She further alleges that the Appeals Council ("AC") issued her a notice dated April 15, 2024, informing her that it had denied review of her appeal of the ALJ's decision. *Id.* ¶ 3. On June 17, 2024, she filed her Complaint in this Court, alleging that the ALJ's findings that she is not disabled and therefore not entitled to benefits "are not supported by substantial evidence and are contrary to law and regulation." *Id.* ¶ 7. In lieu of filing an answer, Defendant Acting Commissioner of Social Security ("the Commissioner") filed the certified administrative record for Maxi's benefits application. *See generally* Certified Administrative Record ("CAR"), ECF No. 6; Not. CAR Filing, ECF No. 5.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for her predecessor. The Clerk is directed to update the docket accordingly.

1

The parties now "jointly stipulate that the . . . decision denying Plaintiff's application for benefits should be reversed and that this matter should be remanded to the . . . Commissioner." Joint Stipulation 1.  They request that the Court enter an order which reverses the Commissioner's final decision and remands this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  Sentence four of section 405(g) authorizes the Court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing."  The parties assert that once such an order is entered, the AC "will remand the matter to an ALJ for further proceedings who will proceed through the sequential disability evaluation process and issue a new decision," and that the ALJ may "obtain supplemental vocational expert testimony." Joint Stipulation 1.

The Court finds the remand request is appropriate.  The Court, construing the Joint Stipulation to Remand to the Commissioner, ECF No. 12, as a motion to remand, GRANTS the motion and adopts the remand instructions proposed by the parties.  Accordingly, the Commissioner's decision in this matter is REVERSED and the cause is REMANDED to the Commissioner for a new hearing pursuant to the fourth sentence of 42 U.S.C. § 405(g).  The Clerk is directed to enter judgment and close the case.

Entered this 13th day of December, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
