E-FILED
Thursday, 17 April, 2025  01:17:55 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| MAXI L.S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-04104-SLD |
| | ) | |
| LELAND DUDEK, Acting Commissioner of | ) | |
| Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

Before the Court is Plaintiff Maxi L.S.'s Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), ECF No. 15.  For the reasons that follow, the motion is GRANTED.

**BACKGROUND**

Maxi filed her Complaint on June 17, 2024, seeking judicial review of the Commissioner of Social Security's ("the Commissioner") final decision denying her claim for disability benefits.  Compl. 1, ECF No. 1.  On December 9, 2024, Maxi and the Commissioner filed a joint stipulation stating that the decision denying Maxi's request for benefits should be reversed and remanded.  Joint Stipulation 1, ECF No. 12.  The Court construed the stipulation as a motion to remand, which it granted pursuant to sentence four of 42 U.S.C. § 405(g).  Dec. 13, 2024 Order 1–2, ECF No. 13.  Maxi filed her motion for attorney's fees on March 14, 2025.  Mot. Att'y Fees 1.  The Commissioner does not oppose the motion.  Resp. Mot. Att'y Fees 1, ECF No. 17.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek is substituted for his predecessor.  The Clerk is directed to update the docket accordingly.

**DISCUSSION**

**I.    Attorney's Fees Under the Equal Access to Justice Act**

Under the Equal Access to Justice Act ("EAJA"), a litigant who is successful in her suit against the federal government is entitled to recover her attorney's reasonable fees if: (1) she is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) she filed a timely application with the district court.  28 U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Maxi is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in her favor and her case remanded to the Commissioner for further review.  *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

Second, Maxi's motion is timely.  Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within thirty days of final judgment in the action.  The term "final judgment" refers to judgments entered by a court of law, not decisions rendered by an administrative agency.  *Melkonyan v. Sullivan*, 501 U.S. 89, 95–96 (1991).  In Social Security cases involving a remand, the filing period for attorney's fees does not begin until the judgment is entered by the court, the appeal period has run, and the judgment

has thereby become unappealable and final. *Id.* at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until thirty days after a judgment becomes 'not appealable'—*i.e.*, thirty days after the time for appeal has ended."). Judgment was entered on December 16, 2024, and Maxi filed her motion on March 14, 2025, eighty-eight days later. Either party would have had sixty days to appeal, *see* Fed. R. App. P. 4(a)(1)(B) (providing that where one party is a United States officer sued in an official capacity, the parties have sixty days to appeal), plus the thirty-day allowance in accordance with § 2412(d)(1)(B). Thus, Maxi had to file her motion within ninety days of entry of judgment. Because Maxi's motion falls within this window, the Court finds that the request is timely.

Third, the Commissioner's position was not "substantially justified." EAJA fees may be awarded if either the Commissioner's litigation position or pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that the position was substantially justified. *Golembiewski*, 382 F.3d at 724. Here, Maxi asserts that "the position of the United States in this litigation was not substantially justified." Mot. Att'y Fees 2. The Commissioner does not oppose Maxi's motion, Resp. Mot. Att'y Fees 1, so the Court finds that the Commissioner's position was not substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Maxi is entitled to recover reasonable attorney's fees under the EAJA.

## II.     Reasonableness of Maxi's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees she requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433. The rate is calculated with reference to prevailing market rates and capped at $125/hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Such showings are required "to avoid the possibility of a 'windfall'" for the successful litigant's attorney. *Id.* at 429.

To determine the appropriate number of hours worked, the Court turns to Maxi's attorney's declaration and tabulation of hours of work before the Court. *See* Aff. Att'y ¶ 5, Mot. Att'y Fees Ex. A, ECF No. 15-2; Hours Table, Mot. Att'y Fees Ex. B, ECF No. 15-3. Those materials demonstrate that Maxi's attorney spent 8.8 hours working on matters before the Court in Maxi's case, the vast majority of which was spent on Maxi's opening brief. *See* Hours Table. The Court finds that those 8.8 hours were appropriate billed. *Cf. Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found forty to sixty hours expended on a Social Security appeal reasonable).

4

Maxi asserts that her attorney's work should be compensated by a total payment of $1,947.00—an hourly rate of $221.25 for 8.8 hours of work. *See* Aff. Att'y ¶ 6; Hours Table. To justify this sum, Maxi invokes the cost-of-living adjustments allowed under 28 U.S.C. § 2412(d)(2)(A) and asserts that "[t]he EAJA rate must be supplemented due to the more current costs and current rates charged by attorneys in the area." Aff. Att'y ¶ 6. More specifically, Maxi points to data compiled by the United States Bureau of Labor Statistics from December 1996 to July 2022 tracking increases in the Producer Price Index ("PPI") for "Services of Lawyers," *see* PPI Industry Data for Offices of Lawyers, Mot. Att'y Fees Ex. C., ECF No. 15-4, as well as the average Consumer Price Index ("CPI") for all items for urban consumers in the Midwest region ("MCPI") from January 1996 to July 2022, MCPI Data, Mot. Att'y Fees Ex. D, ECF No. 15-5. Maxi also provides an affidavit from her attorney's "firm's controller regarding the effects of inflation on the legal market." Aff. Att'y ¶ 6; Whitaker Aff., Mot. Att'y Fees Ex. E, ECF No. 15-6.

"[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). To determine what fee increase above the statutory ceiling may be authorized, courts have looked to the ratio of indices like the MCPI at the time legal services were rendered to the index at the time the current statutory limit of $125 was set. *See Sprinkle*, 777 F.3d at 428 & n.2 (leaving to a court's discretion "whether to adopt the national or regional index in specific cases"); Aff. Att'y ¶ 6 (using the MCPI—a regional index—for cost-of-living adjustments). The $125 limit is multiplied by this ratio to determine the proportional change in rate. *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).

The work in this case was performed in May 2024, June 2024, October 2024, and March 2025. Hours Table.  The MCPI in the relevant months was as follows: (1) 290.355 in May 2024; (2) 290.779 in June 2024; (3) 292.291 in October 2024; and (4) 296.227 in March 2025.  *See Consumer Price Index for All Urban Consumers (CPI-U)*, U.S. Bureau of Lab. Stat., https://data.bls.gov/series-report (enter "CUUR0200SA0," select "Next," select "1996" for "From" and "2025" for "To" under the "Specify year range:" heading, and hit "Retrieve Data") (last visited Apr. 11, 2025).

As the MCPI in March 1996 was 151.7, *id.*, the MCPI increased by a factor of 1.914 for May 2024, 1.917 for June 2024, 1.927 for October 2024, and 1.953 for March 2025.  Increases of the $125 cap to $239.25, $239.60, $240.85, and $244.09, respectively, are therefore warranted. Using those rates, the total amounts of attorney's fees for the work performed in the relevant months are: (1) $239.25 in May 2024; (2) $119.80 in June 2024; (3) $1,685.92 in October 2024; and (4) $73.23 in March 2025.  This leads to a final total of $2,118.20.  The Court finds that the lower amount of requested fees—$1,947.00—represents a reasonable cost-of-living adjustment because it is lower than the otherwise reasonable adjusted amount of fees, $2,118.20.  *See* Aff. Att'y ¶ 6; Hours Table.[2]

Turning to whether Maxi's attorney's requested rate exceeds the prevailing market rate, *Sprinkle* requires not only calculations based on information like the MCPI, but also "evidence that the rate [the attorney] request[s] is in line with those prevailing in the community for similar

---

[2] Maxi used a figure based upon the MCPI for 2022 to arrive at the total of $1,947.00.  *Sprinkle* instructs that "[c]ourts should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed," and notes that the Commissioner may offer contrary evidence if he "believes for some reason that the CPI does not accurately reflect what has happened in a particular legal market." *Id.*  Here, the Commissioner has no opposition to Maxi's requested fee, Resp. Mot. Att'y Fees 1, and Maxi's use of 2022-based data results in a figure lower than what her attorney would otherwise be entitled to, such that the Court finds that Maxi has sufficiently demonstrated that $1,947.00 is a reasonable adjustment for cost-of-living changes.

6

services by lawyers of comparable skill and experience." *Sprinkle*, 777 F.3d at 428.  "Attorney affidavits, or in some cases even a single sworn statement from a claimant's attorney setting forth the prevailing market rate, can be sufficient" to establish the prevailing rate.  *Abhsie v. Berryhill*, No. 16 CV 7357, 2017 WL 4804741, at *1 (N.D. Ill. Oct. 25, 2017) (citing *Sprinkle*, 777 F.3d at 428–29).  Maxi's attorney avers that his "regular non-contingent hourly rate is $250.00,"  Att'y Aff. ¶ 4, and the requested rate of $221.25 is lower than rates recently awarded by the Court in similar cases, *see, e.g.*, *Aaron T. v. O'Malley*, No. 4:24-cv-04046-SLD-JEH, 2024 WL 4445059, at *4 (C.D. Ill. Oct. 8, 2024) (awarding EAJA fees at a rate of $243.75).  Because Maxi's attorney avers that his requested rate is lower than what he charges his paying clients and is in line with recently awarded rates for similar work in this region, the Court finds that Maxi's attorney's requested rate does not exceed the prevailing rate.

Maxi also requests the "reimbursement of associated case costs in the amount of $405.00."  Mot. Att'y Fees 1.  Such costs are recoverable by statute.  *See* 28 U.S.C. § 2412(a)(1).  These costs are reasonable and compensable under the EAJA and are therefore awarded here.  *See Dawdy v. Kijakazi*, No. 19-cv-3257, 2021 WL 4203643, at *1 (C.D. Ill. Sept. 15, 2021) (awarding filing fee costs).

In sum, the Court finds that Maxi's requested costs as well as attorney's fees are reasonable and that the requested rate does not exceed the prevailing market rate.  Maxi assigned her right to EAJA fees to her attorney.  *See generally* Fee Contract, Mot. Att'y Fees Ex. G, ECF No. 15-8.  Provided that Maxi does not owe any qualifying debts to the United States, the EAJA fees are payable directly to Maxi's attorney.  *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421.

**CONCLUSION**

Accordingly, Plaintiff Maxi L.S.'s Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), ECF No. 15, is GRANTED.  Maxi's attorney is awarded $1,947.00 in fees and $405.00 in costs for a total award of $2,352.00.  This amount may be offset to satisfy any pre-existing debt that Maxi owes to the United States.  *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).  If payment is mailed, instead of electronically deposited, it shall be mailed to Maxi's attorney's address of record: 2850 N. Meridian St., Indianapolis, IN 46208.

Entered this 17th day of April, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE